UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-210-FDW

| | |
|---|---|
| **DERRICK D. BOGER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) **ORDER** |
| **ROY COOPER, et al.,** | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and his "Civil Complaint," (Doc. No. 7). He is proceeding *in forma pauperis*. See (Doc. No. 6).

**I.    BACKGROUND**

*Pro se* Plaintiff Derrick D. Boger, who is an inmate at the Craggy Correctional Center, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. He names as Defendants: Governor Roy Cooper, Director of Prisons Kenneth E. Lassiter, Assistant Superintendent of Craggy C.C. Marty Galloway, and Security Risk Group ("SRG") Sgt. Parton.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff appears to argue that he was placed in an all-gang cell block on January 4, 2017, due to a tattoo. This placed him in harm's way and was "left to suffer cruel and unusual punishment, mental trauma, libel, [and] humilitation." (Doc. No. 1 at 3). This could have been stopped by "head officials" who allowed Sgt. Parton to abuse his authority in violation of Constitutional Amendments 4, 5, 8, and 14. (Doc. No. 1 at 3). Plaintiff sent a grievance to Raleigh and officials told him to talk to the Captain. Sgt. Parton and Lt. Warren said they would move Plaintiff but this was a lie and breach

1

of their duties.

Plaintiff seeks $50 million in compensatory damages as well as Defendants' reprimand and demotion.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## IV. DISCUSSION

**(1) Conditions of Confinement**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission ... result[s] in the denial of the

3

minimal civilized measure of life's necessities." Id. at 298 (citing Rhodes, 452 U.S. at 347). An inmate has no constitutional interest in any particular prison classification or housing assignment. See generally Sandin v. Conner, 515 U.S. 472 (1995) (a change in the conditions of a prisoner's confinement that does not exceed the scope of the original sentence only gives rise to a federally protected liberty interest if it imposes atypical and significant hardship in relation to the ordinary incidents of prison life).

Plaintiff fails to state a claim as to Defendants Cooper, Lassiter, and Galloway, because he sets forth no factual allegations against them whatsoever. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). Plaintiff's claims against these Defendants are therefore insufficient to proceed.

Plaintiff alleges that Sgt. Parton housed him in a cell block with gang members. This fails to state a constitutional violation because there is no interest in any particular classification or placement in prison, and Plaintiff states no sufficiently serious hardship or condition of confinement that would rise to the level of a constitutional violation.

Therefore, Plaintiff's claim that he was subjected to unconstitutional housing conditions fails to state a claim for § 1983 relief.

**(2)** **Relief**

Even if Plaintiff stated a facially sufficient claim for relief, this case could not proceed because he has not stated a cognizable claim for relief.

First, Plaintiff seeks money damages. The plain text of the Prison Litigation Reform Act

4

("PLRA") bars an inmate from seeking damages for mental or emotional injury suffered while in custody absent a showing of physical injury or a "sexual act." 42 U.S.C. § 1997e(e). See Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished) (stating that "*de minimis* physical injuries cannot support a claim for mental or emotional injury."); Mayfield v. Fleming, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating that "the district court correctly concluded that [plaintiff's] claim for money damages is barred because he can show no physical injury."). A "sexual act" is defined in 18 U.S.C. § 2246[1] as various forms of sexual physical contact. Section 1997e(e) does not prevent an inmate from seeking nominal damages, or declaratory or injunctive relief. See generally Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 n.11 (1986) (stating that "nominal damages, and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury....").

Plaintiff does not assert that he suffered any physical injury or was subjected to a sexual act as a result of his housing with gang members. Therefore, his claim for damages is barred by § 1997e(e).

Second, he seeks the Defendants' reprimand and demotion. However, "whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court. Van Houten

---

[1] [T]he term "sexual act" means--
(A) **contact** between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
(B) **contact** between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
(C) the **penetration**, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
(D) the **intentional touching**, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2) (emphasis added).

v. Gaskill, 2006 WL 749410 (D.Kan. March 22, 2006). The Court lacks the authority to grant the employment-related relief that Plaintiff seeks, and therefore, this claim cannot proceed.

## V. "CIVIL COMPLAINT"

Plaintiff has filed a "Civil Complaint," (Doc. No. 7), that is liberally construed as a motion for leave to file an Amended Complaint. The motion will be denied insofar as Plaintiff attempts to add unrelated claims and defendants through this piecemeal filing. However, the motion will be granted insofar as Plaintiff will be permitted to file a superseding Amended Complaint within 14 days of this Order.

## VI. CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have fourteen (14) days in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Plaintiff is reminded that, despite his *pro se* status, he must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain" statement of the claim. Any Amended Complaint will supersede the original Complaint and therefore any Defendants or claims not contained in the Amended Complaint will be waived. Plaintiff's failure to timely file an Amended Complaint that complies with this Order will result in this case being dismissed and closed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff shall have fourteen (14) days in which to file an Amended Complaint in

accordance with this order and all applicable rules and procedures.  If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

4. Plaintiff's "Civil Complaint," (Doc. No. 7), is construed as a motion for leave to file an Amended Complaint and is **GRANTED** in part and **DENIED** in part as stated in this Order.

Signed: April 6, 2018

Frank D. Whitney
Chief United States District Judge